UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FASHIONTV.COM GMBH,                              :

            Plaintiff,           :   **REPORT &  RECOMMENDATION**

    -against-                                  :   06 Civ. 3200 (GBD)(KNF)

MATTHEW HEW, CHRIS OLIC, LOUIS         :
KLAREVAS, MONIKER ONLINE
SERVICES, INC., INVESTORSNET, LLC., and   :
JOHN DOES
                                                             :
           Defendants.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

      The plaintiff, Fashiontv.com, GMBH ("FashionTV"), brought this action against Matthew Hew ("Hew"), Chris Olic ("Olic"), Louis Klarevas ("Klarevas"), Moniker Online Services, Inc. ("Moniker"), Investorsnet, LLC ("Investorsnet"), and John Does (collectively "defendants") to recover damages for the defendants' alleged usurpation of the plaintiff's domain name, "FASHIONTV.COM."

    Before the Court is a motion by the plaintiff for judgment by default against Moniker. The motion is based on the plaintiff's contention that Moniker failed to answer or otherwise respond to the complaint that initiated this action.  That complaint was filed on April 25, 2006. Thereafter, on January 11, 2007, the plaintiff filed an amended complaint.  On that same day, the plaintiff served the amended complaint on the defendants, <u>see</u> Docket Entry No. 20, attachment No. 13, and sent a copy of that amended pleading, via an e-mail message, to Moniker's counsel.

1

Moniker opposes the plaintiff's motion. It contends that it is not in default because it filed an answer to the plaintiff's amended complaint, timely, on January 26, 2007.

Approximately one month after the amended complaint was filed, the plaintiff filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, against all the defendants. Buried within that motion is the instant application, made pursuant to Fed. R. Civ. P. 55, for judgment by default against Moniker. The application for judgment by default against Moniker is addressed below.

Rule 55 of the Federal Rules of Civil Procedure provides for entry of a judgment by default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). However, before a party that has made a motion for the entry of a judgment by default can obtain that relief, the movant must follow a two-step process.

"First, Fed. R. Civ. P. 55(a) requires the clerk to enter the default of a party who fails to plead or otherwise defend as required by the Federal Rules of Civil Procedure. The party seeking entry of default must show by affidavit or otherwise that entry of default is appropriate." Thomas v. Sclavo, No. 94 Civ. 1568, 1998 WL 51861, at *2 (N.D.N.Y. Feb. 4, 1998) (citing Fed. R. Civ. P. 55[a]); see also Local Civil Rule 55.1 of this court. Upon issuance of the clerk's certificate of default, the moving party may then request that the clerk enter a default judgment "if the claim to which no response has been made only [seeks] payment of a sum certain, and does not include a request for attorney's fees or other substantive relief . . . ." Local Civil Rule 55.2(a) of this court. "In all other cases the party seeking a judgment by default shall apply to the court as described in Federal Rule of Civil Procedure 55(b)(2), and shall append to the application (1) the clerk's

certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civil Rule 55.2(b) of this court.

In the case at bar, the plaintiff failed to comply with Fed. R. Civ. P. 55 and Local Civil Rules 55.1 and 55.2 of this court. Therefore, the plaintiff's motion for judgment by default against Moniker should be denied.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl St., Room 630, New York, New York 10007, and to the chambers of the undersigned, 40 Centre St., Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1998); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
July 17, 2007

Respectfully submitted,

/Kevin Nathaniel Fox/

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE