George Vomvolakis, Esq. (GV 8251)
Law Offices of George Vomvolakis
275 Madison Avenue, 35th Floor
New York, New York 10016
(212) 682-0700


UNITED STATES DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FASHIONTV.COM GMBH,

                                        Case No. 06-CV-3200(GBD)

                      Plaintiff,

   -against-


CHRIS OLIC, et. al.

                    Defendants.
------------------------------------------------------------------------X


MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SANCTIONS

## TABLE OF CONTENTS

Preliminary Statement………………………………………………………………..1

Statement of Facts……………………………………………………………………2

    I.     Plaintiff's motion for sanctions must be denied, because
Plaintiff has failed to make a genuine good faith effort to
resolve any discovery disputes prior to filing the within motion…...4

    II.    Plaintiff's motion must be denied as there is no evidence
that Defendant Klarevas was aware of any misconduct
by his attorney regarding the Rule 26 disclosure…………………..10

    III.   Plaintiff's motion for sanctions must be denied as Defendant
did not willfully disobey a court order or act in bad faith…………12

    IV.   Costs, attorney's fees, and expert fees should not be awarded,
because Plaintiff's claims against Defendant Klarevas are
meritless and Plaintiff failed to make a good faith effort to
resolve any discovery issues prior to filing the instant motion…….15

**CONCLUSION**………………………………………………………………...16

# TABLE OF AUTHORITIES

## CASES

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)......................12

*Avent v. Solfaro*, 210 F.R.D. 91 (S.D.N.Y 2002)..............................................................5

*Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2nd Cir. 1979)..............................................................................13

*Hollingsworth v. City of New York*, 1997 WL 91286 (S.D.N.Y 1997)..............................11

*Koenc v. Bellizzi*, 1999 WL 92604 (S.D.N.Y Feb. 22, 1999)...............................................5

*Luft v. Crown Publishers, Inc.* 906 F.2d 862 (2nd Cir. 1990)...........................................13

*Matsushita Elec. Corp. of America v. 212 Copiers Corp.*, 1996 WL 97245 (S.D.N.Y. Feb. 29, 1996).........................................................................6

*Pro Bono Investments Inc. v. Gerry*, 2005 WL 2429767 (S.D.N.Y 2005)...........................5

*Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)...............................13

*Stone v. Courtyard Management Co.* 2001 WL 474161 (S.D.N.Y 2001)...........................5

*Time Inc. v. Simpson* 2002 WL 31844914 (S.D.N.Y. 2002)..............................................6

*Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y 1997).................................5

*Wanderer v. Johnston* 910 F.2d 652 (9th Cir. 1990)........................................................13

*Worldcom Network Services Inc. v. Metro Access Inc.*, 205 F.R.D. 136 (S.D.N.Y 2002)..........................................................................................11

## STATUTES

Fed. R. Civ. P. 26.................................................................................................................5

Fed. R. Civ. P. 37.................................................................................................................5

Local Rule of the United States District Court for the Southern and Eastern Districts of New York 37.2............................................................................5

## **Preliminary Statement**

Defendant Louis Klarevas ("Klarevas"), by his undersigned counsel, submits this Memorandum of Law in opposition to plaintiff's Motion Striking Answer and Defenses, Contempt and Sanctions. Plaintiff's motion must be denied in its entirety on the grounds that (1) it is defective on its face, as Plaintiff has not made a genuine effort to resolve any discovery disputes and has not included a certification to that effect; (2) Defendant Klarevas had no knowledge that his former attorney may have violated Rule 26 of the Federal Rules of Civil Procedure in failing to sign or certify a disclosure response; (3) Defendant Klarevas has not acted willfully or in bad faith; and (5) Plaintiff's claims against Defendant Klarevas are without merit.

Plaintiff has filed the instant motion in an attempt to recover damages which it has no chance of recovering on the merits of the within action. There is no evidence whatsoever that Defendant Klarevas conspired with the co-defendants to hijack the domain FashionTV.com domain. The only connection Defendant Klarevas has to FashionTV.com is that he became the ultimate registrant of the domain. Defendant Klarevas had no idea that fraud may have been involved in the initial acquisition of FashionTV.com by co-defendant Mathew Hew and no evidence exists to the contrary. He was simply the bona fide registrant of the domain name. Thus, Plaintiff is well aware that its claims against Defendant Klarevas, specifically, are frivolous and is now attempting to recover damages in the form of sanctions, costs and fees.

Defendant Klarevas urges this Court to deny Plaintiff's motion in its entirety and allow the case to be resolved on its merits.

## Statement of Facts

This Court issued an order on February 16, 2007 ordering *inter alia* that all parties who have not complied with the requirements of Fed. R. Civ. P. 26(g)(2) must do so by February 23, 2007. The undersigned was substituted as counsel for Defendant Klarevas on March 16, 2007. Prior to that time, Defendant Klarevas and co-defendant Olic were being represented by the same attorney, Theodore Kasapis. Upon realizing that a conflict of interest existed, Mr. Kasapis withdrew as counsel for both defendants.

Plaintiff filed a motion for summary judgment on February 20, 2007 and subsequently withdrew the motion in August of 2007. Plaintiff re-filed a motion for summary judgment at the end of August 2007. Defendant Klarevas has opposed the motion for summary judgment and all papers have been submitted to this Court with oral argument scheduled in January 2008. One day prior to filing its Reply in Support of its summary judgment motion, Plaintiff filed the within motion for sanctions alleging that the Defendant failed to comply with this Court's February 16th order and failed to certify its Rule 26(g)(2) disclosure.

Upon information and belief, prior to withdrawing as counsel, Mr. Kasapis made a Rule 26 disclosure on behalf of both Defendant Klarevas and Defendant Olic, exchanging eleven pages of documents. It is Plaintiff's contention that Mr. Kasapis' failure to certify that disclosure mandates the imposition of sanctions on Defendant Klarevas. Included in the discovery exchange were two contracts of sale for the domain FashionTV.com, which Plaintiff claims are forged because of an apparent contradiction between them. Defendant Klarevas did not provide these contracts to Mr. Kasapis, who must have received them from his other client, Chris Olic. Moreover, Defendant Klarevas is not a party to either contract, nor does he have any idea why they may be contradictory.

2

Since the time that the undersigned has assumed the representation of Defendant Klarevas in this action, Plaintiff never attempted to confer with the undersigned in a good faith effort to resolve any discovery disputes prior to filing the instant motion as required by Rule 37 of the Federal Rules of Civil Procedure. Upon appearing as counsel for Defendant Klarevas, the undersigned made several attempts to contact Plaintiff's counsel by telephone to discuss certain aspects of this case, including settlement and discovery. However, Plaintiff's counsel repeatedly refused to speak with defense counsel. Finally, only one conversation having any sort of connection to discovery took place just prior to Defendant's filing of his Opposition to Plaintiff's motion for summary judgment. The telephone call was initiated by defense counsel in an effort to discuss settlement. At some point during the conversation, Plaintiff's counsel stated that prior defense counsel exchanged only eleven pages of documents as part of his Rule 26 disclosure. However, Plaintiff's counsel was unable to specify what additional discovery it believed it was entitled to. This was the extent of any conference between the parties regarding the discovery issues addressed in the instant motion.

In addition to failing to make a good faith effort to discuss with defense counsel any discovery issues, Plaintiff likewise never requested a conference with the Court to address those issues as required by Rule 37.2 of this Court's Local Rules. Plaintiff merely sent a letter to the Court regarding defendants' failures to comply with discovery, which resulted in the above-mentioned February 16th directive of this Court. A conference discussing specific document requests was never held or requested by Plaintiff prior to its filing of the instant motion.

After Plaintiff filed the instant motion, defense counsel interposed a formal Rule 26 disclosure and a formal response to Plaintiff's First Request for the Production of Documents to cure any defect in prior counsel's disclosures. It must be noted that each and every demand in

3

Plaintiff's First Request for the Production of Documents is over broad and calls for the production of irrelevant, as well as privileged material. Indeed, Plaintiff has not made a single specific demand for discovery. In any event, all relevant, non-privileged documents within Defendant Klarevas' possession have been exchanged with Plaintiff.

Moreover, Defendant Klarevas is and has been ready, willing and able to appear for a deposition in this matter. However, not a single party to this action has been deposed. Defendant Klarevas is the third named party in this lawsuit, and would conventionally appear third for a deposition. The undersigned's office spoke with Mr. Kasapsis regarding the discovery issues in this case, and was informed that all parties agreed to halt discovery, because aggressive settlement discussions were under way and it was likely that the case would be resolved. Plaintiff's counsel has not once contacted the undersigned regarding scheduling the deposition of Defendant Klarevas, nor has Plaintiff been produced for a deposition, yet he now moves for sanctions against Defendant. Plaintiff never moved to compel the deposition of Defendant or for an order precluding him from testifying, yet he filed a summary judgment motion certifying that discovery is complete without securing the deposition. Under these circumstances it appears Plaintiff intended to waive his right to Defendant Klarevas' deposition. In any event, Defendant has been and remains ready, willing and able to testify at a deposition.

### I. Plaintiff's motion for sanctions must be denied, because Plaintiff has failed to make a genuine good faith effort to resolve any discovery disputes prior to filing the within motion.

Plaintiff has filed the within motion for sanctions without first seeking to confer with Defendant's current counsel in a good faith effort to resolve any discovery issues, and without

4

filing a certification to that effect, thereby violating Rule 37 of the Federal Rules of Civil Procedure, as well as Rule 37.2 of this Court's Local Rules. Thus, Plaintiff's motion for sanctions pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure should be rejected on its face.

By its terms, a motion pursuant to Rule 37 must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to secure the information or material without court action. *Pro Bono Investments Inc. v. Gerry,* 2005 WL 2429767 (S.D.N.Y 2005) citing Fed.R.Civ.P. 37(a)(4)(A). *See also Avent v. Solfaro,* 210 F.R.D. 91 (S.D.N.Y 2002) (motion for sanctions denied due to plaintiff's failure to confer with other party); *Stone v. Courtyard Management Co.* 2001 WL 474161 (S.D.N.Y 2001) (motion denied – lacked certification that Plaintiff used best efforts to informally resolve matters raised).

In addition, Rule 37.2 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York requires that:

> No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the court and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

The above rules require parties to "make a genuine effort to resolve the dispute" before resorting to a court's involvement. *See Tri-Star Pictures, Inc. v. Unger,* 171 F.R.D. 94, 99 (S.D.N.Y 1997). This "meet and-confer" requirement "embodies a policy of encouraging voluntary resolution of pretrial disputes, in the interest of judicial and client economy and effective processing of cases." *Koenc v. Bellizzi,* 1999 WL 92604 (S.D.N.Y Feb. 22, 1999)

5

quoting *Matsushita Elec. Corp. of America v. 212 Copiers Corp.*, 1996 WL 97245 (S.D.N.Y. Feb. 29, 1996).

It is readily apparent in this case that Plaintiff has not made a genuine effort to resolve any discovery disputes prior to filing the within motion for sanctions, contempt and striking of Defendant's Answer. Indeed, Plaintiff has never detailed what discovery it seeks from Defendant which was not previously produced. Thus, Plaintiff's instant motion should be rejected on its face, or at the very least sanctions and costs must be denied.

Even if this Court refuses to outright reject Plaintiff's instant motion, costs and attorney's fees must not be awarded due to Plaintiff's failure to make a good faith effort to resolve any discovery disputes without the Court's intervention. Indeed, this Court in *Time Inc. v. Simpson* 2002 WL 31844914 (S.D.N.Y. 2002) did not reject Plaintiff's motion for sanctions on its face despite its finding that Plaintiff failed to comply with the meet and confer requirements. However, the Court nevertheless refused to award costs or attorneys' fees, reasoning that by failing to initiate a discussion of its specific requests prior to filing its motion Plaintiff forewent the opportunity to narrow the issues and reduce the costs of litigation. *Time Inc. v. Simpson* 2002 WL 31844914 (S.D.N,Y. 2002). In *Time Inc.*, prior court conferences were indeed held, however those conferences did not deal with Plaintiff's specific document demands and the Court issued only a general directive for discovery to proceed. *Id.* Such prior conferences were held to be insufficient to satisfy the meet and confer requirement. *Id.*

With regard to discovery in the within matter, there exists one general and vague directive, issued by the court in response to Plaintiff's correspondence to the Court on January 29, 2007. The directive on the endorsed letter states that all parties who have not complied with Fed. R. Civ P. 26(g)(2) must do so by February 23, 2007. The endorsed letter also states that

6

Plaintiff may make any application it deems necessary in accordance with Federal Rule 37 regarding outstanding depositions. There are no other court Orders noting any failure on the part of Defendant Klarevas to disclose specific documents previously demanded by Plaintiff which could potentially be grounds for sanctions.

It must be noted that defense counsel appeared as the attorney of record for Defendant Klarevas on March 16, 2007 and unfortunately has no personal knowledge of any communication between Plaintiff's counsel and Defendant's prior attorney. However, since the substitution of the undersigned as counsel and prior to filing the instant motion, Plaintiff did not make any demands for outstanding discovery, nor did he communicate in writing or otherwise what discovery remained outstanding. Indeed, upon substitution and review of the file, defense counsel attempted to speak with Plaintiff's counsel several times regarding various aspects of the case, including discovery. However, Plaintiff's office informed us that he would not be taking the calls. The only discussion between the undersigned and plaintiff's counsel which had anything to do with discovery was prompted by the undersigned and took place after summary judgment motions were filed. After several attempts, plaintiff's counsel finally agreed to take the undersigned's call regarding settlement. At that time, plaintiff's counsel mentioned that the only discovery exchanged by prior counsel was eleven pages of documents. This was the extent of any communication regarding discovery.

The only alleged good faith efforts Plaintiff's counsel discusses in his Declaration involve Defendant's prior counsel. Being that the undersigned did not represent Defendant while discovery was being exchanged, the undersigned's office contacted Defendant's prior counsel, Mr. Kasapis, who stated that the parties agreed to halt discovery as aggressive settlement discussions were underway and the case was likely to be resolved.

In any event, prior to filing the instant motion Plaintiff did not send any correspondence to Defendant's current counsel regarding Defendant's failure to provide discovery, nor did Plaintiff's counsel ever relay what specific discovery remained outstanding. Additionally, in violation of Local Rule 37.2, Plaintiff never requested a conference with this Court to attempt to resolve discovery issues prior to filing the instant motion. Each and every demand propounded in Plaintiff's First Request For the Production of Documents is overly broad and vague, for example, calling for the production of "all documents, communications, etc. involving Plaintiff." *See Plaintiff's Exhibit B.* Plaintiff has not made any reasonable request for discovery, nor has this court previously addressed any discovery issues involving specific demands. However, had a conference with the Court been held, a discussion would have occurred as to what specific documents the Plaintiff is in fact entitled to and whether they were already produced by Defendant.

After the instant motion was filed, defense counsel once again diligently sought to speak with Plaintiff's counsel to determine what specific discovery was being sought and eventually defense counsel requested a conference with the court to sort out those issues and to discuss possible settlement of the case. Thereafter, Defense counsel formally exchanged all discovery in its possession and demanded that Defendant make a thorough search of his records to ensure that all documents relevant to the matter were provided and exchanged.

Had Plaintiff proceeded in accordance with Rule 37 of the Federal Rules of Civil as this Court ordered on February 16, 2007 and conferred with defense counsel regarding what specific discovery remained outstanding, all discovery issues would have been resolved without the intervention of this Court. Likewise, had Plaintiff sought a discovery conference with this Court prior to filing the instant motion, all discovery issues would have been resolved without the

8

intervention of this Court. Thus, not only has Plaintiff failed to certify that a good faith effort was made to obtain discovery through Defendant's present counsel, but Plaintiff is wasting Defendant's resources as well as the resources of this Court by filing an unnecessary motion, as Defendant would have complied with any reasonable requests for discovery. Indeed, such failure to abide by the Federal Rules of Civil Procedure and sanction seeking seems to be a repeated harassment tactic by Plaintiff's counsel. *See Chum Ltd. V. Lisowski* 2001 WL 243541 (Court denied Attorney Raymond Dowd's motion for sanctions because he failed to certify in good faith that he conferred with the opposing party in an effort to secure disclosure).

On February 16, 2007 this Court stated that Plaintiff could make any application regarding discovery in accordance with Rule 37 of the Federal Rules of Civil Procedure. However, according to that Rule, a good faith effort to resolve outstanding discovery disputes must be made prior to seeking the court's intervention and a certification to that effect must be included in a motion for sanctions. Being that Plaintiff did not attempt to confer with Defendant's current counsel regarding any specific outstanding documents and failed to request a discovery conference with the court prior to filing the instant motion, it is evident that no genuine effort was made to resolve those issues. Even if plaintiff's counsel's assertions that he communicated with prior counsel regarding failure to disclose discovery are true, his effort to obtain that discovery cannot be said to be genuine as he refused to discuss the matter with Defendant's new counsel in spite of counsel's attempts.

In light of Plaintiff's failure to comply with the good faith requirement of Rule 37 of the Federal Rules of Civil Procedure and its failure to request a discovery conference with the Court, pursuant to Local Rule 37.2, Plaintiff's motion should be denied on its face and in its entirety. At the very least, this Court should deny the imposition of sanctions on Defendant, as well as

costs and attorneys' fees due to Plaintiff's forgoing of the opportunity to narrow the issues and reduce the costs of litigation as a result of its failure to initiate a discussion regarding what specific discovery remained outstanding.

### II. Plaintiff's motion must be denied as there is no evidence that Defendant Klarevas was aware of any misconduct by his attorney regarding the Rule 26 disclosure.

Plaintiff's motion for sanctions due to Defendant's alleged failure to comply with Rule 26(g)(2) of the Federal Rules of Civil Procedure must be denied, because Plaintiff failed to make a good faith effort to resolve the issue of certification of the Rule 26(g)(2) disclosure. As set forth above, the undersigned has no knowledge of conversations between Plaintiff's counsel and Defendant's former attorney. However, Plaintiff's counsel never discussed the issue of an uncertified Rule 26 disclosure with the undersigned prior to filing the instant motion. Nor did Plaintiff's counsel request a court conference to address the issue. Had Plaintiff done so prior to the filing of the motion, a formal signed response would have been interposed to cure any defect in the disclosure by prior counsel.

Even if this Court does not reject Plaintiff's motion on its face for lack of a good faith effort to resolve the issues without the Court's intervention, Plaintiff's motion for sanctions as a result of Defendant's alleged violation of Rule 26(g)(2) of the Federal Rules of Civil Procedure must be denied, because Defendant Klarevas was unaware of any alleged failure of his prior attorney to comply with the rule. Sanctions should not be imposed on Defendant as a result of his prior attorney's failure to sign or certify the Rule 26 disclosure. Additionally, Defendant Klarevas was not a party to either of the contracts of sale referred to by Plaintiff and could not

possibly begin to provide an explanation for their alleged contradictory nature. At the time the Rule 26 disclosure was made, Defendant Klarevas' counsel was also representing co-defendant Olic who is a party to one of the subject contracts and the individual who provided the contracts to their attorney, Mr. Kasapis. Defendant Klarevas had not seen the subject contracts prior to their exchange pursuant to Rule 26.

In deciding motions for sanctions, this Court has repeatedly denied the imposition of sanctions on a defendant where the failures are attributable solely to counsel and not to any noncompliance by the client itself. *Worldcom Network Services Inc. v. Metro Access Inc.*, 205 F.R.D. 136 (S.D.N.Y 2002). *See also Hollingsworth v. City of New York*, 1997 WL 91286 (S.D.N.Y 1997)("it would be inappropriate to punish the client for the conduct of her attorney, particularly when there is no evidence that the client is aware of the problem"). Thus, even if this Court were to find that there was a violation of Rule 26(g)(2), there is not a shred of evidence that the failure was Defendant's fault or that he even had knowledge that his attorney failed to certify the disclosure. Moreover, Defendant Klarevas had no idea that two contradictory contracts were exchanged by his attorney, as the contracts were provided to counsel by co-defendant Chris Olic. Defendant Klarevas was not a party to either of these contracts, they were never in his possession, and he has no idea why they contradict each other. Said issues would have been more appropriately directed at co-defendant Olic.

It should be noted that in each of the cases cited by Plaintiff, sanctions were not imposed on the client himself, but rather on the attorney who violated the subject rule unless the client was aware of the attorney's failure. There is no evidence here that Defendant had any knowledge of how his prior attorney executed legal documents, or that Mr. Kasapis exchanged two contradictory contracts to which Defendant was not even a party. Therefore, while

11

Defendant does not concede a violation of Rule 26(g)(2), even if there was a sanctionable violation, it would be unjust to impose those sanctions on Defendant as his actions did not violate Rule 26.

### III.   Plaintiff's motion for sanctions must be denied as Defendant did not willfully disobey a court order or act in bad faith.

To date, Defendant has exchanged all relevant discovery in his possession and has provided formal responses to all of Plaintiff's document demands. Through prior counsel, Defendant exchanged whatever relevant documents were in his possession pursuant to Rule 26. Plaintiff did not thereafter, make any follow-up demands for specific discovery he believed were outstanding. Indeed, Plaintiff has never made a single demand for specific discovery. Each and every demand in Plaintiff's First Request for the Production of Documents is over broad, calling for the production of irrelevant as well as privileged material. Moreover, Defendant is and has been ready, willing and able to appear for a deposition in this matter. Defendant did not attempt to conceal any discovery from Plaintiff nor did he willfully disobey an order of this Court. Thus, Plaintiff's motion for sanctions must be denied.

It is well settled that courts may impose sanctions and assess attorney's fees if a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975). In this case, there is no evidence that Mr. Klarevas acted in any such matter, making the imposition of any sanction against him inappropriate.

Even if under these set of circumstances this Court determines that Mr. Klarevas did in some way violate a Rule of Discovery, sanctions such as those being sought by Plaintiff are completely incongruous with the Defendant's alleged actions. In determining what sanction to

impose, the court is mindful that a "sanction so drastic as striking an answer or entering a default judgment is not ordinarily imposed unless the party's disobedience has been willful, or in bad faith, or otherwise culpable..." *Luft v. Crown Publishers, Inc.* 906 F.2d 862 (2nd Cir. 1990); *accord Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In accordance with this principle, the Second Circuit has stated that "considerations of fair play may dictate that courts eschew the harshest sanctions provided by Rule 37 where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence." *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2nd Cir. 1979). Additionally, the Ninth Circuit has stated that courts should be mindful of the strong preference for deciding a case on the merits. *See Wanderer v. Johnston* 910 F.2d 652 (9th Cir. 1990)

Defendant Klarevas has not acted willfully or in bad faith with regard to discovery exchange in this case. Disclosure pursuant to Rule 26 was made on behalf of Defendant Klarevas as per this Court's instruction in its February 16th Order. If the Rule 26 disclosure made by prior counsel was not certified, such failure cannot be attributed to Defendant's bad faith or willful disobedience of a court order. Sanctions, especially those being demanded by Plaintiff, should not now be imposed on Defendant for his attorney's failure to certify the disclosure. It must also be noted, that Plaintiff's counsel never discussed with the undersigned any issues he may have had with prior counsel's Rule 26 disclosure prior to the filing of the instant motion. In any event, after a discussion with Plaintiff's counsel, subsequent to the filing of the instant motion, the undersigned served a formal response pursuant to Rule 26 as well as to Plaintiff's First Request for the Production of Documents in order to cure any default by Defendant's prior counsel. *See **Exhibit A**.* Thus, it is evident that Defendant Klarevas did not

13

willfully disobey an order of this Court or conceal discovery in bad faith. Therefore, Plaintiff's motion must be denied.

Likewise, Defendant should not be sanctioned for his failure to explain the reason two contradictory sales contracts were exchanged by his attorney. As discussed above, Mr. Klarevas had not provided these contracts to his attorney, who was also representing co-defendant Olic at the time. Moreover, Klarevas was not a party to either contract and has absolutely no way of knowing why they contradict each other. Thus, he could not possibly begin to provide an explanation, as Plaintiff believes he should or otherwise be sanctioned. Plaintiff's inquiry should have been directed at co-defendant Olic, who would be the appropriate party to provide any such explanation.

Moreover, Defendant is and has been ready willing and able to appear for a deposition in this case. The undersigned cannot address any conversations regarding depositions had between Defendant Klarevas' prior attorney and Plaintiff's counsel. However, the undersigned's office did speak with Mr. Kasapis who stated that discovery had not proceeded as usual, because the matter was likely to be resolved. In any event, Plaintiff's counsel had never once attempted to schedule the deposition of Mr. Klarevas upon the undersigned's substitution of counsel. In fact, Plaintiff never appeared for its own deposition. Moreover, Plaintiff never requested a conference with the court to discuss depositions nor did it seek to obtain a preclusion order against Defendant Klarevas from testifying at trial. Yet Plaintiff went ahead and certified that discovery was complete when it filed a motion for summary judgment. Under the circumstances it appears that Plaintiff waived his right to Defendant's deposition, since no effort was made to procure it.

In light of Plaintiff's failure to show that Defendant Klarevas acted willfully or in bad faith with regard to the alleged discovery violations, Plaintiff's motions for sanctions must be denied.

IV. **Costs, attorney's fees, and expert fees should not be awarded, because Plaintiff's claims against Defendant Klarevas are meritless and Plaintiff failed to make a good faith effort to resolve any discovery issues prior to filing the instant motion.**

As argued above, Plaintiff is not entitled to costs or attorney's fees with regard to the instant motion, because Plaintiff failed to reduce the cost of litigation and fees by forgoing an attempt at a good faith resolution of any discovery issues without court intervention. Had Plaintiff sought to discuss the issues raised in this motion with defense counsel or requested a conference with the Court, as required by the Federal Rules of Civil Procedure and this Court's Local Rules, costs and attorney's fees would have been nominal.

Additionally, Plaintiff's request for expert fees is absurd under the circumstances of this case. Plaintiff repeatedly ignores the fact that his claims against Defendant Klarevas are meritless as evidenced by the Declaration of Roger Nebel. Plaintiff makes a blatant misrepresentation in its memorandum of law that Mr. Nebel states that "Defendant Klarevas" along with co-defendants Olic and Hew hijacked the domain FashionTV.com from Plaintiff. At no time does Mr. Nebel ever make that declaration. The only time Mr. Nebel mentions Defendant Klarevas by name is when he states that he believes Mr. Klarevas was in possession of stolen property, because the FashionTV.com domain name was registered to him. There is no evidence whatsoever that Mr. Klarevas took part in any hijacking. Indeed, he had no idea that there may have been any type of fraud involved in Olic's acquisition of the domain name. The only other declaration Mr. Nebel specifically made about Mr. Klarevas is that he profited from the use of the domain name.

15

Thus, there is no evidence that would support any of Plaintiff's trademark infringement, cybersquatting, or tort causes of action against Defendant Klarevas (as argued in Defendant's opposition to plaintiff's motion for summary judgment).

Moreover, it is clear Mr. Nebel was not retained "to make sense of actions which would have been transparent upon any reasonable discovery compliance by Defendant" as Plaintiff represents in its Memorandum of Law, since Mr. Nebel's declaration is dated January 31, 2007, two months prior to the close of discovery. Thus, to have sufficient time to review all the documents and come to his conclusions, Mr. Nebel would have been retained several months before the close of discovery and well before this Court's February 16th Order.

## CONCLUSION

In light of the foregoing, Plaintiff's motion must be dismissed in its entirety, as Plaintiff has failed to show any sanctionable violation of the Rules of Discovery by Defendant Klarevas or any resulting costs or fees.

Dated: New York, New York
       December 3, 2007

Respectfully submitted,

Law Offices of George Vomvolakis
*Attorneys for Defendant Klarevas*

By: _____
       George Vomvolakis
275 Madison Avenue, 35th Floor
New York, New York 10016
(212) 682-0700

16