

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Settlement Agreement") effective the 12 day of December 2007, is made and entered into by and between **FASHIONTV.COM GMBH** ("FashionTV") and and **F-SHOP, LTD. BVI** ("F-Shop") (collectively, the "FTV Parties") on the one hand and **LOUIS KLAREVAS** ("Klarevas"), on the other hand. The aforesaid shall be referred to individually as a "Party" and collectively as the "Parties."

**WHEREAS**, on or about April 25, 2006, FashionTV filed a complaint against Klarevas and others in the United States District Court for the Southern District of New York entitled, *FashionTV.com Gmbh v. Chris Olic a/k/a Matthew Hew, et al.*, 06 Civ. 3200 (GBD), alleging commission of trademark infringement in violation of the Lanham Act, 15 U.S.C § 1125(a); violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and commission of tortious interference with contract, tortious interference with prospective advantage, palming off, misappropriation and false labeling and advertising, tortious interference with prospective business advantage under New York State law (the "Original Complaint");

**WHEREAS**, on or about January 11, 2007, FashionTV served an Amended Complaint (the "Amended Complaint") asserting the same claims for relief against Klarevas as were asserted in the Original Complaint;

**WHEREAS**, Klarevas served an Answer to the Amended Complaint, denying FashionTV's claims for relief;

WHERLAS, the Original Complaint and the Amended Complaint shall be referred to collectively as the "Action;"

**WHEREAS**, Klarevas hereby withdraws all answers, counterclaims and defenses and admits that the allegations of the Complaint relating to the underlying facts are substantially accurate and that FashionTV is the owner of valuable intellectual property in various markets around the world, including, but not limited to the trademarks FASHION TV, F TV and other marks as substantially set forth in the Complaint; and

**WHEREAS**, for purposes of this Settlement Agreement, the term "Klarevas" shall include Louis Klarevas and entities in which he owns a substantial interest, including directors, officers, shareholders, principals, owners, employees, agents, assigns, successors, and related entities (including parent, subsidiary and affiliated companies).

**WHEREAS**, this Settlement Agreement shall be construed as an admission by Klarevas that acts occurred which damaged FashionTV, that infringed on its intellectual property, but as a denial by Klarevas that he knew that such acts occurred and an acknowledgment that Klarevas is paying a settlement to FashionTV to limit liability for the acts of others taken without his knowledge and consent and to avoid the expense of litigation and hereby withdraws contentions to the contrary advanced in pleadings and submissions previously made.

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants hereinafter set forth, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. In full and final settlement of the Action, and in consideration for all of the rights and releases granted herein, Klarevas will pay the FTV Parties a total sum of Twenty Thousand Dollars ($20,000) (the "Settlement Amount") by delivering a check in that amount made payable to, "Dunnington Bartholow & Miller LLP," to counsel for FashionTV, Raymond Dowd, Esq., upon execution of this Settlement Agreement.

2. As a material inducement for Klarevas to enter into this Settlement Agreement, the FTV Parties on their own behalf and on behalf of their respective directors, officers, shareholders, principals, owners, employees, assigns, successors, heirs, executors, administrators, related entities (including parent, subsidiary and affiliated companies) and legal and/or other representatives (hereinafter referred to singularly and collectively as the "FTV Releasors"), hereby release and forever discharge Klarevas and its respective directors, officers, shareholders, employees, assigns, agents, successors, predecessors, administrators, related entities (including parent, subsidiary and affiliated companies) and legal representatives (hereinafter referred to singularly and collectively as the "Klarevas Releasees"), of and from any and all actions, claims, demands, damages, expenses, losses, liabilities, causes of action or suits of whatever kind or nature, whether known or unknown which the FTV Releasors may have had, or now have, or may hereafter have, which are based upon any matter, fact, cause or thing of any kind or character from the beginning of time to the date of this Settlement Agreement, including, but not limited to, all of the alleged specific acts, violation of rights and claims that have been brought or could have been brought by the FTV Releasors against the Klarevas Releasees in the Action.

3. As a material inducement for the FTV Parties to enter into this Settlement Agreement, Klarevas on his own behalf and on behalf of his respective directors,

3

officers, shareholders, principals, owners, employees, assigns, successors, heirs, executors, administrators, related entities (including parent, subsidiary and affiliated companies) and legal and/or other representatives (hereinafter referred to singularly and collectively as the "Klarevas Releasors"), hereby release and forever discharge the FTV Parties and its respective directors, officers, shareholders, employees, assigns, agents, successors, predecessors, administrators, related entities (including parent, subsidiary and affiliated companies) and legal representatives (hereinafter referred to singularly and collectively as the "FTV Releasees"), of and from any and all actions, claims, demands, damages, expenses, losses, liabilities, causes of action or suits of whatever kind or nature, whether known or unknown which the Klarevas Releasors may have had, or now have or may hereafter have, which are based upon any matter, fact, cause or thing of any kind or character from the beginning of time to the date of this Settlement Agreement, including, but not limited to, all of the alleged specific acts, violation of rights and claims that have been brought or could have been brought by the Klarevas Releasors against the FTV Releasees in the Action.

    4. Upon execution of this Settlement Agreement and delivery and clearing of the Settlement Amount, counsel for the FTV Parties will submit this Settlement Agreement to be "so ordered".

    5. Each Party warrants and represents that it has the full right and authority to enter into this Settlement Agreement and to grant the rights and releases granted herein.

    6. Within three business days of receipt of the payment provided for in paragraph "1", above, the Raymond J. Dowd, attorney for the FTV Parties will cause a Stipulation of Dismissal with Prejudice and without costs or attorneys' fees to be filed. The

4

Parties hereby order their attorneys to execute the same on their behalf. The Court shall retain jurisdiction to enforce the terms of this Settlement Agreement

7. Each of the Parties executing this Settlement Agreement represents and warrants that it:

(a) has had the opportunity to consider the terms and provisions of this Settlement Agreement;

(b) has been advised to consult, and has consulted, with an attorney of its own choosing prior to executing this Settlement Agreement;

(c) has carefully read this Settlement Agreement in its entirety and fully understands the significance and legal consequences of all of its terms and provisions and

(d) is signing this Settlement Agreement voluntarily and of its own free will and assents to all the terms and conditions contained herein

8. This Settlement Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof. There are no other agreements of any nature among or between the Parties hereto and there are no representations relied upon by any Party in entering this Settlement Agreement that are not stated herein. This Settlement Agreement may be modified only in a writing that is identified specifically as a modification of this Settlement Agreement and that is signed by each Party.

9. No breach of any provision hereof may be waived unless in writing Waiver of any breach shall not be deemed to be a waiver of any other breach of the same or of any other provision hereof.

5

10. This Settlement Agreement in its entirety is the product of the joint effort of all the Parties. Accordingly, this Settlement Agreement, whether in whole or in part will not be deemed to have been proposed or drafted by any one Party and will not be construed against any one Party.

11. In the event any provision of this Settlement Agreement is found to be invalid or otherwise unenforceable, the remainder of this Settlement Agreement shall remain fully valid and enforceable.

12. All notices, requests, demands and communications made pursuant to this Settlement Agreement shall be made in writing and shall be deemed to have been duly given if delivered to the addresses set forth below:

If to Klarevas:

George Vomvolakis, Esq.
275 Madison Avenue, 35th Floor

New York, NY 10016

If to the Fashion TV Parties:

Raymond Dowd, Esq
Dunnington Bartholow & Miller LP
477 Madison Avenue - 12th Floor
New York, New York 10017

13. This Settlement Agreement and each and every term hereof shall be construed in accordance with the laws of the State of New York and each Party submits to the exclusive jurisdiction and venue of any state or federal court sitting in New York County in

the State of New York for any action or proceeding arising out of or relating to this Settlement Agreement.

14. The terms of this Settlement Agreement are, and shall be, binding upon the Parties, their parent corporations, subsidiaries, affiliates, directors, officers, agents, attorneys, successors, heirs, executors, administrators, trustees, representatives, guardians and assigns, and upon all other persons and entities claiming an interest in the subject matter hereof through the Parties.

15. This Settlement Agreement may be executed in any number of counterparts, including facsimile counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same Settlement Agreement.

**The FTV Parties**

By      Dunnington, Bartholow & Miller LLP

By:     Raymond J. Dowd (RD-7508)

Printed Name _____

Title _____

Date 12/17/2007

**LOUIS KLAREVAS**

By: 

Printed Name: _____

Title _____

Date ___

7

The FTV Parties

By: Dunnington, Bartholow & Miller LLP

By: Raymond J. Dowd (RD-7508)

Printed Name: _____

Title: _____

Date: _____

**LOUIS KLAREVAS**

By: *[signature]*

Printed Name: Louis Klarevas

Title: __

Date: 12/13/07

This action is dismissed with prejudice with each party to bear its costs and legal fees except as set forth above.

SO ORDERED:

*[signature]* DEC 20 2007
U.S.D.J.

GEORGE B. DANIELS

This action is dismissed with prejudice with each party to bear its costs and legal fees except as set forth above.

SO ORDERED

*[signature: George B. Daniels]*
S.D.J.